DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Jeffrey A. Patton, appeals the decision of the Medina County Court of Common Pleas, which found him guilty of breaking and entering, a violation of R.C. 2911.13(A). This Court affirms.
 I. {¶ 2} The Gimme a Haircut Salon ("the salon") is a business located in Medina County, Ohio. Jessica Murphy was employed by the salon as a receptionist. She had a key to the back door, but not one to the safe closet.
 {¶ 3} On December 18, 2001, Ms. Murphy was riding in a car with appellant. While in the car, appellant took the key for the salon from Ms. Murphy. Later that night, appellant also took the safe combination for the salon's safe from Ms. Murphy.
 {¶ 4} On December 19, 2001, Georgia McDonnell, the closing manager for the salon, put a deposit of cash and checks into the safe and left $100 in the cash register. Ms. McDonnell locked the safe, the door to the safe, and the back entrance to the business before leaving the salon that night.
 {¶ 5} On December 20, 2001, Christina Smith opened the salon. Upon arriving at the salon, Ms. Smith noticed that the back door was unlocked. The cash register was open and empty. Ms. Smith called the owner and the police. As Ms. Smith walked to the back of the salon, she noticed that the safe closet had been forced open. The safe door was also open. All of the cash was missing from the safe, but the checks and reports were left. The owner, John Martino, was able to compare the reports and determined that approximately $1,800.00 had been taken.
 {¶ 6} Upon searching the premises, the police found a receipt on the cash register showing that the cash register had been opened at 11:14 p.m. on December 19, 2001. There were no signs of forced entry into the building or the safe. However, the door to the safe closet had been forced open with a pry tool.
 {¶ 7} Ms. Murphy told the police of her involvement with appellant, and appellant was arrested and charged with breaking and entering.
 {¶ 8} On March 27, 2002, the Medina County Grand Jury indicted appellant on one count of breaking and entering, a violation of R.C.2911.13(A). The grand jury also indicted Ms. Murphy as a co-defendant. Ms. Murphy pled to an amended charge in exchange for her testimony against appellant.
 {¶ 9} The case proceeded to trial before a jury. The jury found appellant guilty of breaking and entering, and the trial court sentenced him to a prison term of eight months in the Lorain Correctional Institution.
 {¶ 10} Appellant timely appealed his conviction, setting forth two assignments of error for review. For reasons stated below, this Court does not reach the merits of appellant's appeal.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in denying defendant's motion for acquittal, pursuant to Criminal Rule 29."
 {¶ 11} In his first assignment of error, appellant argues that the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29.
 {¶ 12} This Court has previously held that a "defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, quoting State v. Miley
(1996), 114 Ohio App.3d 738, 742, appeal not allowed (1997),77 Ohio St.3d 1548.
 {¶ 13} In the case sub judice, appellant moved for acquittal pursuant to Crim.R. 29 at the close of the state's evidence, and the trial court overruled the motion. Appellant then presented three witnesses in support of his defense. After resting, appellant failed to renew his motion for acquittal. Consequently, appellant has waived any challenge to the trial court's denial of his motion for acquittal. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in admitting evidence of uncharged misconduct by defendant; specifically — a check written on a closed account by someone, allegedly for defendant's benefit; and a salon paycheck to Jessica Murphy, which she allegedly gave to defendant to cash, defendant allegedly keeping all but $20.00 of the paycheck."
 {¶ 14} In appellant's second assignment of error, he makes a four-sentence argument that the trial court erred in admitting evidence of uncharged misconduct by appellant.
 {¶ 15} This court notes that appellant has failed to cite any applicable case law on these issues or even allege why the evidence admitted was improper or prejudicial. See Tallmadge v. Cover, 9th Dist. No. 21492, 2003-Ohio-3786, at ¶ 4 (declining to address the appellant's assignment of error because he failed to cite law applicable to the assigned error). As such, appellant has failed to provide citations to authorities supporting his assignments of error and the standard of review applicable to his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v. Western ReserveMut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; Frecska v. Frecska
(Oct. 1, 1997), 9th Dist. No. 96CA0086. Moreover, "if an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 22. Accordingly, as appellant has failed to set forth any legal error in his second assignment of error, this Court declines to address it. Appellant's second assignment of error is, therefore, overruled.
 III. {¶ 16} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, P.J. and WHITMORE, J. concur.